# SUPREME COURT.

## MICHAEL DELAMATER vs. AMBROSE S. RUSSELL.

An execution may be issued against the person of a judgment debtor, where the judgment was recovered in an action for criminal conversation with the plaintiff's wife.

Such an action is for an "injury to *the person*" of the plaintiff under section 179 of the code.

*Albany Special Term, Feb. 1st,* 1850.—This was an action brought to recover damages for criminal conversation with plaintiff's wife, in which plaintiff recovered judgment for $526.62 damages and costs. An execution against the defendant's property was returned unsatisfied, after which an execution was issued against the person of the defendant, under which he was arrested and imprisoned in Columbia county. The defendant now moved to set aside the latter execution on the ground that it was not authorized by the code in an action for *crim. con.*

C. L. MONELL, *for defendant.*

J. H. REYNOLDS, *for plaintiff.*

PARKER, Justice.—Section 288 of the code provides that an execution may be issued against the person of the judgment debtor, if the action be one in which the defendant might have been arrested, as provided in section 179 and section 181.

Section 179 authorizes the arrest of a defendant "in an action for the recovery of damages, on a cause of action not arising out of contract, where the defendant is not a resident of this state, or is about to remove therefrom, or where the action is for an injury to *person* or *character*, or for injuring or for wrongfully taking, detaining, or converting *property*."

It is under this clause of the 179th section that the authority to imprison the judgment debtor in this action is claimed.

I think the act complained of was an injury to the *person* of the plaintiff. It was an invasion of his personal rights. The action was brought for depriving the plaintiff of the "comfort, society, fellowship, aid and assistance" of the wife. Such was the language of the declaration under the former remedy by special action on the case. (2 Ch. Pl. 265.) This is the substantial injury still. The form of action only is changed.

*Rights of persons* are divided into *absolute* and *relative*. Criminal conversation is classed under actions for injuries to the latter. (1 Ch. Pl. 137.) This classification is related by all our elementary writers. (2 Kent's Com. 129 ; 3 Black. Com. 138.)

Blackstone says (3 Black. Com. 139,) "injuries that may be offered *to a person* considered as *husband*, are principally these : *abduction*, or taking away a man's wife ; *adultery*, or criminal conversation with her ; and *beating* or otherwise abusing her."

Slander or libel is an infringement of the *absolute* rights of persons and I have no doubt a judgment debtor would have been liable to imprisonment in these actions, if injuries to "character" had not been particularly mentioned in the statute. (2 Kent's Com. 16 ; 1 Chitty Pl. 137.)

It is not supposed that it was the intention of the Legislature to excuse from imprisonment judgment debtors in actions for *crim. con.*, seduction of a daughter, or beating of a servant ; and subject defendants to imprisonment in all other actions for wrongs : nor does the statute in my opinion demand any such construction. On the contrary, I think the language employed is used in its established legal signification, and, though it might have been more explicit, covers the class of actions in question.

The motion must be denied, but the question being a new one, without costs.