Neilson, Ch. J.—
The circumstances of this case are simple and significant. It appears that the plaintiff was living in harmony with her husband, enjoying his protection and support, and that the defendant enticed the plaintiff’s husband away, and caused a separation. For that alleged willful, malicious, and illegal act, the plaintiff brings the action to recover damages, and procures an order of arrest.
On this application to set aside that order two questions are presented: First, will the action lie ? If it will, was the defendant liable to arrest %
We have in this State no precedent for an action of this precise character. But like actions have received judicial sanction elsewhere. It was thus in the case of Lynch v. Knight (9 House Lords Cas. 577). In that suit the plaintiff charged that her husband had sent her away because of certain words spoken of her by the defendant. No improper act had been imputed to her by the defendant, and the words spoken were too trivial to lead to a separation. The deprivation suffered by her was imputable to the whim or undue sensitiveness of the husband rather than to the malicious pur *252 pose or intent of the defendant. The judgment was reversed on that ground. In the opinion of the late Lord Campbell it is said, “Although this is a case of the first impression, if it can be shown that there is presented to us a concurrence of loss and injury from the act complained of, we are bound to say that this action lies. Nor can I allow that the loss of consortium, or conjugal society, can give a cause of action to the husband alone and such also was the view of Lord Crattworth. Some of the members of the court thought otherwise, but all concurred in holding that no consequential damages could have arisen from the interference of the defendant. In Westlake v..West-lake, action by the wife against her father-in-law, the supreme court of Ohio held that the action could be maintained for the loss of the society and companionship of the husband. The opinion of Chief Justice Gilmore is elaborate, a learned and well-considered exposition, in which a majority of the court concurred.* That decision is worthy of great respect.'
But, without such aid, I should have little hesitation in holding that the plaintiff is entitled to the relief sought. This is a special action on the case for a wrong ; and for every wrong willfully, or even negligently inflicted, and causing loss and damage, there is a remedy. That is so with us, even if the party injured be a married woman. Many of the disabilities imposed on her by the common law have been shaken off, and she may now sue and be sued without the consent of her husband, and without his being a party to the record.
It is said that the cases above cited were mere actions of slander. But the real grievance was the separation charged to have been caused by the spoken words; and in the Ohio case it was alleged that the *253 defendant had urged and persuaded his son to send his wife away. If dismissing the wife, as in that case or in this, was a wrong of which the law could take notice, as against the person offering the husband" the inducement, it is not material by what evil influence the separation was brought about. A good complaint might have been framed without stating the inducement, somewhat as a cause of action for a brutal assault might be stated without alleging what, if any, weapon was used by the defendant. It would be strange if the wrong here charged could only rise to the dignity of legal recognition as an incident to a suit for slander; if this plaintiff could have a right of action against the defendant for mere negligence in crowding her off a railroad car and causing slight personal injury, but no right of action for willfully and maliciously breaking up her home.
II. Special Term, September, 1879.
Demurrer by defendant to complaint.
The defendant thereafter demurred to the complaint on the following grounds:
1. That the plaintiff has no legal capacity to sue, because she is a married woman.
2. That there is a defect of parties plaintiff, because the plaintiff is a married woman, and her husband should be joined with her as one of the parties plaintiff in the action.
*253 It is no answer for the defendant to say that the plaintiff could seek redress against her husband, bring an action for divorce, and, crying for bread, possibly obtain an order that he pay alimony. It would be a reproach to the law, alike illogical and immoral, if such a defense could prevail.
I am of opinion that an order of arrest in such a case is a remedy allowed by the Code.
The motion must be denied, with costs.
3. That the complaint does not state facts sufficient to constitute a cause of action.
III. General Term, November, 1879. Appeal by defendant from order overruling demurrer to complaint.
Horace Graves {Graves & Kolowrat, attorneys), for defendant, appellant.
There is no cause of action (Van Arnam v. Ayers, 67 Barb. 544 ; Lynch v. Knight, 9 Ho. Lords Cas. 577). The law does not recognize the possibility of the seduction of a man. The plaintiff sustains no injury. The husband can never free himself from the obligation to support his wife. Her mental affliction cannot be the basis of damages (Sedgw. on Dam. 675, citing, cases referred to in 8 Jur. 724, and 5 L. T. N. S. 291). The loss of consortium cannot be the basis of the action, unless the act of thé defendant is adequate to produce that loss (9 Ho. Lords Cas. 577, supra; Westlake v. Westlake, a recent Ohio case). The husband should - have been joined. The Code refers only to actions affecting separate property, or to those actions in which the statute, independent of the Code, has given her a cause of action separate from her husband (Code of Civ. Pro. § 450).
Mirabeau L. Towns, for plaintiff, respondent.
The plaintiff, though a married woman, has legal -capacity to sue (Code of Civ. Pro. § 450; Barton v. Beer, 35 Barb. 81). The action is for a personal injury; and for injuries to her person, and torts commited against her, a married woman sues alone, without joining her husband for conformity. The common law rule has long since been abrogated (3 R. S. 6 ed. p. 161, § 84 ; Palmer v. Davis, 28 N. Y. 242, 249 ; Longendyke v. Longendyke, 44 Barb. 366 ; Abbey v. Deyo, Id. 374, 378; Ball v. Bullard, 52 Id. 141; Mann v. Marsh, 35 Id. 68 ; Westervelt v. Ackley, 2 Hun, 261). The complaint states facts sufficient to constitute a cause of action (Lynch v. Knight, 9 H. L. Cas. 577; Clark v. Harlan, 1 Cin. [Ohio], 418; Westlake v. Westlake, Ohio Court of Appeals). Actions for criminal conversation are actions for injuries to the person (Temporary Act, subd. 9 ; Delamater v. Russell, 4 How. Pr. 234; 2 Kent Com. 129). For torts and injuries to the person, married women sue alone. But this action is not for criminal conversation, but simply an action on the case, per quod consortium amisit (cases cited above). Because there is no case literally like this action in the books is no reason why it should not be allowed (Paisley v. Freeman, 3 Term R. 45). It is not new in principle. It is only new in instance, so far as this State is concerned. The only question is upon the application of the principle established since 1747, in the case of Winsmore v. Greenbank (see Bigelow's Leading Cas.), and recognized as law. With the advancing state of society, new questions are constantly arising for decision, and the courts adapt the practice and course of proceeding to the existing condition of things, instead of adhering to forms and rules which were established under different circumstances ; and they do not decline the enforcement of rights, or the administration of justice, because there is no remedy according to the old forms or rules (Walworth v. Holt, 4 Mylne & C. 635; Osborn v. Gillet, L. R. 8 Exch. 88, 97; Broom & Hadley, Notes by Waite, 48).
*254 Neilson, Ch. J.
[In overruling the demurrer, stated that he still held to the views expressed in the opinion on the motion as to the order of arrest, and that if the defendant desired to be heard at general term, a stay would be granted.]
*256 Reynolds and McCue, JJ.,
affirmed the order overruling the demurrer, upon the above opinion of Neilsoe, Ch. J.

 Reported in 8 Cent. L. J. 478; 19 Alb. L. J. 494.