(11 App. Div. 20.)

ROMAINE v. DECKER.

(Supreme Court, Appellate Division, Second Department. December 15, 1896.)

1. HUSBAND AND WIFE—ENTICING AND ALIENATING HUSBAND—WIFE CAN SUE.
   A wife may sue another woman for enticing away her husband, and depriving her of his comfort, aid, protection, and support.

2. SAME—CAUSE OF HUSBAND'S DESERTION—QUESTION FOR JURY.
   In an action by a wife against a woman for enticing away her husband, it is a question for the jury whether the meretricious favors accorded by defendant were not the inducing cause of the desertion of plaintiff, where her husband abandoned and remained away from her, and during the abandonment maintained improper relations with defendant.

Appeal from circuit court, Orange county.

Action by Frances J. Romaine against Anna Decker for depriving plaintiff of her husband's society. From a judgment in favor of defendant entered on a nonsuit, plaintiff appeals. Reversed.

Argued before CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

John W. Lyon, for appellant.
Nehemiah Fowler and M. H. Hirschberg, for respondent.

CULLEN, J. This action is brought to recover damages from defendant for maintaining adulterous relations with the plaintiff's husband, and by such means and other artifices and devices depriving plaintiff of the husband's society, comfort, and support. The evidence of the plaintiff was to the effect that she and her husband, who was a locomotive engineer, had lived together at Port Jervis, in Orange county, during which time the husband was kind and affectionate, and had properly supported and maintained her. Subsequently the husband was assigned to duty on the route from Newburgh to Jersey City. This necessitated his residing, during a greater part of the time, in Newburgh, where he boarded with the defendant. The plaintiff, for a period, continued to live at Port Jervis. In January, 1895, the plaintiff, with her child, joined her husband at Newburgh, and boarded with the defendant. During the time of her stay there the plaintiff's husband did not room with her. The plaintiff testifies to an occurrence which tended to show that her husband had carnal intercourse with the defendant. Quarrels ensued be-

tween the plaintiff and her husband, and also between the plaintiff and the defendant, over the relations alleged to exist between the husband and the defendant. This finally resulted in the defendant turning the plaintiff out of the house. The husband still continued to reside with the defendant. Since that time the husband has had no intercourse with the wife, and failed to give her sufficient support. At the close of the plaintiff's case the court dismissed the complaint.

The theory upon which the counsel for the respondent seek to sustain the ruling of the trial court, and upon which the learned trial judge doubtless proceeded, is that "this action cannot be maintained by proof of adulterous intercourse without evidence that such intercourse was the result of the defendant's seduction of the husband." It is not disputed that the plaintiff gave evidence which, if credited, was sufficient to support a finding by the jury that her husband and the defendant had had carnal intercourse. The story told by the plaintiff in this respect may have been unlikely and improbable, but it was not impossible, nor was its improbability so gross as to authorize the court to decide as matter of law that it was incredible. Therefore the question then is whether the proposition contended for by the respondent's counsel is correct. We think not. We will concede, at least, for the purposes of the discussion, that a wife cannot maintain an action against another woman for merely carnal intercourse with her husband; in other words, an action for criminal conversation pure and simple. But it is settled by authority that in this state a married woman may recover damages from another woman for enticing away her husband, and depriving her of his comfort, aid, protection, and support. Bennett v. Bennett, 116 N. Y. 584, 23 N. E. 17; Jaynes v. Jaynes, 39 Hun, 40; Breiman v. Paasch, 7 Abb. N. C. 249; Baker v. Baker, 16 Abb. N. C. 293; Warner v. Miller, 17 Abb. N. C. 221; Churchill v. Lewis, Id. 226; Simmons v. Simmons, 21 Abb. N. C. 469, 4 N. Y. Supp. 221. The rule laid down by this line of authorities the defendant's counsel accept, but they contend that the cases are authority only for the rule that an action lies where the wife has been deprived of the society and support of her husband. This claim we will also concede, and assume, without deciding, that no action will lie by the wife for the infidelities of her husband against his partner in those infidelities, as long as in other respects he discharges faithfully his marital relations. In this case, however, the injury to the plaintiff has not been the mere infidelity of the husband, but the fact that the husband has abandoned her, and failed to give her support. Therefore the actionable wrong is here made out, and the only question is whether the defendant is so connected with that wrong as to be liable in an action for damages. Just at this point we reach what we regard as the fatal error in the respondent's contention. Conceding, as they do, the liability of the defendant had she enticed away the plaintiff's husband, they wholly fail to appreciate that the carnal intercourse may be—nay, generally is—the greatest of enticements or allurements. Had it been shown that the defendant had, either in writing or orally, made protestations of her love and affection for

the plaintiff's husband, and her desire for his affection, love, and society, in return, it would hardly be denied that such proof, followed by the husband's abandonment of the plaintiff, would have been sufficient to maintain the action. We have a notion that a woman's voluntary gift of her person to a man may be regarded certainly as great an evidence of illicit affection or love as anything she might say. In the case of a common strumpet, plying her vocation, and dealing with a husband on strictly a pecuniary basis, it may be that she cannot be properly charged with inducing or alluring the man away. So, too, in the present case, if carnal relations were established between the plaintiff's husband and the defendant, it would be competent for the defendant to show that she was the party least at fault, and that it was she who had yielded through the blandishments and seductive arts of the man; not he through her solicitation. But we think that when it has been shown that the husband abandons his wife, and remains away from her, and it is also proved that during the period of such abandonment he is maintaining improper relations with another woman, it will ordinarily be a question of fact for the jury to determine whether the meretricious favors accorded by the mistress are not an inducing cause to the desertion of the wife.

The judgment appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.