## O'GORMAN v. PFEIFFER.

(Supreme Court, Appellate Division, First Department.    June 16, 1911.)

1. HUSBAND AND WIFE (§ 334*)—ALIENATION OF AFFECTIONS—DAMAGES.
    The gist of an action for alienation of affections or for the enticing away of a spouse is the loss of consortium, and a wife whose husband has been enticed away from her may be damaged by the loss of support and of his society, but she cannot complain that her husband made a will in favor of his paramour, for a wife's marital rights do not include the right to have her husband make a will in her favor.
    [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1125; Dec. Dig. § 334.*]

2. WILLS (§ 421*)—PROBATE—COLLATERAL ATTACK.
    The validity of a husband's will, duly probated, cannot be brought into question in an action by the widow for alienation of her late husband's affections, on the ground that defendant, the husband's paramour, induced him to make the will by unlawful and undue influence.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 904–910; Dec. Dig. § 421.*]

Appeal from Special Term, New York County.

Action by Nellie O'Gorman against Minnie Pfeiffer. From an order denying a motion to strike out certain paragraphs of the complaint, defendant appeals. Order reversed, and motion granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Scharps & Scharps (Benjamin Scharps, of counsel), for appellant. Cornelius J. Earley, for respondent.

CLARKE, J.   The complaint alleges that the plaintiff was married to Joseph F. O'Gorman on the 20th day of February, 1895, and was

his wife until his death, which occurred on the 13th of March, 1910; that in March, 1902, the defendant alienated the affections of the plaintiff's husband and induced and willfully and maliciously enticed him to desert plaintiff, and harbored and detained him against the will of the plaintiff until his death, and willfully and maliciously debauched him, and she demands damages for $75,000.

The fourth and fifth allegations of the complaint are as follows:

"Fourth. That previous to the death of said Joseph F. O'Gorman, deceased, and by reason of the foregoing acts of the defendant, the said Joseph F. O'Gorman, because of the unlawful and undue influence exerted upon him by the said defendant, made and executed a last will and testament wherein and whereby he bequeathed and devised all his estate to the said defendant and made her the sole executrix thereof.

"Fifth. That said last will and testament has been duly admitted to probate, and thereby the defendant has become possessed of and obtained title to the property of the said Joseph F. O'Gorman, deceased, of the value of about $50,000, subject to this plaintiff's dower rights therein."

The defendant made a motion for an order striking out the said allegations, and from the order denying the said motion this appeal is taken.

In Bennett v. Bennett, 116 N. Y. 584, 23 N. E. 17, 6 L. R. A. 553, cited with approval in Kujek, etc., v. Goldman, 150 N. Y. 176, 44 N. E. 773, 34 L. R. A. 156, 55 Am. St. Rep. 670, Judge Vann said:

"The actual injury to the wife from the loss of consortium, which is the basis of the action, is the same as the actual injury to the husband from that cause. His right to the conjugal society of his wife is no greater than her right to the conjugal society of her husband. Marriage gives to each the same rights in that regard. Each is entitled to the comfort, companionship, and affection of the other. The rights of the one and the obligations of the other spring from the marriage contract, are mutual in character, and attach to the husband as husband and to the wife as wife. Any interference with these rights, whether of the husband or of the wife, is a violation not only of a natural right, but also of a legal right arising out of the marriage relations. It is a wrongful interference with that which the law both confers and protects."

And Judge Bradley in the same case said:

"This action is founded upon the disregard of the duties of the marital relation by the husband of the plaintiff, induced by the defendant, to the prejudice of the plaintiff. Marriage is a civil contract. 2 Rev. St. (1st Ed.) p. 138, § 1; Clayton v. Wardell, 4 N. Y. 230. From such contract spring reciprocal duties of the parties to it, amongst which are those assumed by the husband of her maintenance and his consortium, and thus to contribute to her comfort and enjoyment. To these means of her happiness, so far as practicable, she is entitled. As appeared by the verdict of the jury, the plaintiff's husband was induced by the defendant to essentially refuse to perform his marital undertaking or to regard her rights in that respect. And the damages arising from the denial to the plaintiffs of such rights result from a breach by the husband, so induced, of the contractual relation of marriage. But such contract is sui generis, and differs from all other contracts in so far that the nature of a recovery of damages in an action, founded upon its breach, is as in tort, and the action is deemed as for a personal injury, and consequently does not survive the party injured."

In Kuhn v. Hemmann, 43 App. Div. 108, 59 N. Y. Supp. 341, Mr. Justice Barrett said:

"It is well settled that a wife may maintain an action against one who has enticed her husband from her or deprived her of the comfort of his society. * * * This action is not to recover damages sustained by the plaintiff as

a result of the criminal conversation of her husband, * * * but for the loss of consortium. * * * The damages claimed are alleged to have been sustained by reason of the plaintiff's deprivation resulting from the defendant's acts and inducements of the 'comfort, society, aid, assistance, affection, support and maintenance' of her husband. Mere marital infidelity would not suffice to maintain such an action. for the marital infidelity alone did not cause the wrongs for which the plaintiff is now complaining."

In Romaine v. Decker, 11 App. Div. 20, 43 N. Y. Supp. 79, Mr. Justice Cullen said:

"It is settled by authority that in this state a married woman may recover damages from another woman for enticing away her husband and depriving her of his comfort, aid, protection, and support."

In 21 Enc. 1621, it is said:

"The wife may recover as damages the value of her support and loss of consortium."

In Buchanan v. Foster, 23 App. Div. 542, 48 N. Y. Supp. 732, Mr. Justice Van Brunt said:

"The rule as laid down by the authorities seems to be that the basis or gist of the action is the loss of consortium, and not merely the loss of assistance, and that in order to maintain the action it must be established that the defendant has wrongfully induced the husband to abandon his wife."

[1] The gist of the action being the loss of consortium, the deprivation of marital rights caused by the act of the defendant, the question is: What are the marital rights of which plaintiff was deprived and for which she may recover damages? Those rights are of two classes: One, personal, the society, the affection, the companionship of the husband; the other, financial, the right to be maintained and supported during his life in accordance with his rank and station. On his death, of course, she is also entitled to receive dower in his real estate; but of this she has not been and could not be deprived by any act of the defendant.

In the paragraphs in question plaintiff complains that her husband made his will in favor of the defendant; but the right to make a will is given by law to every person of legal age and of sound and disposing mind, and her marital rights do not include the right to have him make a will in her favor. There is no law which *requires* any one to make a will.

[2] But she alleges that her husband was induced to make this will by the unlawful and undue influence of the defendant. That is a proper subject of consideration upon the probate of the will or in an action brought under section 2653a of the Code of Civil Procedure; but she alleges distinctly that said will has been duly admitted to probate. If so, I do not think questions affecting the validity of that will can be tried out in this action. Hence I conclude that the allegations complained of are irrelevant and redundant to the cause of action set up in the complaint and should be stricken therefrom. They tender an issue which is no part of the cause of action and which the defendant should not be compelled to answer.

The order appealed from should be reversed, with $10 costs and disbursements to the appellant, and the motion granted, with $10 costs. All concur.