## STATE Ex Rel. NYHUS v. ROSS.

(139 N. W. 1051.)

**Action — damages — seduction — arrest.**

1. An action by the father to recover damages for the seduction of his minor daughter is an action for "an injury to person" within the meaning of § 6890, Rev. Codes 1905, authorizing the arrest of the defendant.

**Relief — habeas corpus.**

2. Mere errors and irregularities which do not render the proceedings void are not grounds for relief by habeas corpus.

**Defendant — jail — payment of board.**

3. Defendant, who is incarcerated in jail under a body execution issued upon a judgment rendered for the seduction of plaintiff's daughter,

*Held*, not entitled to be liberated on habeas corpus upon the alleged ground of plaintiff's failure to pay for his board within twenty-four hours after a demand therefor by the sheriff or jailor.

Opinion filed February 21, 1913.

Relator, who is detained in the jail of Cass county under an execution issued against his body, applied to the Supreme Court for the issuance of a writ of habeas corpus. Such writ was issued as prayed for, and respondent made due return thereto. Upon a hearing on the merits, the writ is quashed.

*Chas A. Lyche,* Hatton, North Dakota, for relator, *Engerud, Holt, & Frame* and *Lawrence & Murphy,* Fargo, North Dakota, of counsel.

*J. M. Johnson,* Sharon, North Dakota, and *A. T. Cole,* Fargo, North Dakota, for respondent.

FISK, J. A writ of habeas corpus was issued out of this court on the petition of relator, returnable on the 14th inst., commanding respondent as sheriff of Cass county to appear and show by what authority he detains and imprisons such relator in the jail of such county. On

Note.—That an action for seduction is an action for "injury to the person" within the meaning of a statute permitting arrest of defendant in such an action is also declared in the case of Hood v. Sudderth, 111 N. C. 215, 16 S. E. 397, which is cited and discussed in a note in 59 L.R.A. 957, on the question of the right to order of arrest in a suit for breach of promise.

the return day, respondent made due return to such writ as follows:

"Comes now J. C. Ross, sheriff of Cass county, North Dakota, and in obedience to the mandate of this court respectfully shows:

### I.

"That the petitioner, Henry Nyhus, was committed to his care and custody on the 4th day of February, 1913, by order of Honorable Charles A. Pollock, judge of the third judicial district of the state of North Dakota, as set forth by copy and attached to the petition of said Henry Nyhus herein and marked Exhibit D of said petitioner.

### II.

"That said Henry Nyhus is still in my custody, pursuant to the order of the said Honorable Charles A. Pollock as set forth in said Exhibit D, and that the board and expenses for his board has been duly paid by J. M. Johnson, attorney for Stephanus Skoglund, plaintiff, in the proceedings out of which this matter arose, and that the board for said Henry Nyhus is paid up to and including the 24th day of February, 1913.

### III.

"That said Henry Nyhus is being held subject to the further order of said Judge, Honorable Charles A. Pollock, or until he shall be discharged by lapse of time, or until the plaintiff in the action out of which this proceeding arose shall fail and refuse to pay the board and expenses for board for said petitioner, and be entitled to his liberty by virtue of the statutes in such case made and provided.

### IV.

"That the action out of which these proceedings grew was an action by the plaintiff, Stephanus Skoglund, against the petitioner, Henry Nyhus, for seduction of the minor daughter, Olava, of said Stephanus Skoglund, wherein said Skoglund obtained a judgment for a substantial sum against said Henry Nyhus, the petitioner, which judgment is still in full force and effect and unpaid and not settled, and wherein an execution has heretofore been issued for the collection of said judgment and returned unsatisfied, and thereafter a body execution issued

for said Henry Nyhus, the petitioner, as appears by Exhibit A attached to the petition of the petitioner herein."

It appears from the record that Steele county, wherein petitioner resides and was arrested under the body execution, has no jail, and that pursuant to an order of his Honor, Judge Pollock, the Traill county jail was designated as the place for the incarceration of petitioner under such execution pursuant to the provisions of § 10433, Rev. Codes 1905. The amendment of such statute by chapter 108, Laws 1911, was not called to the attention of the judge, and was overlooked. Under such amendment the jail of Cass county was the proper place for the confinement of the execution debtor. On February 1st a writ of habeas corpus was issued by the district judge on relator's petition, returnable February 4th, and on such return date an order was made by such judge, from which order we quote the following:

"Now, after hearing counsel and giving such consideration to the matter as the court has had time to give, the court finds all of the contentions not well taken, save and except that the defendant should have been incarcerated in the county jail of Cass county, instead of that of Traill county, under what appears to be a mandatory provision of chapter 108 of the Laws of 1911, with which statute the court states he was entirely unfamiliar at the time of the incarceration, and his attention not having been called to it until the time of this hearing.

"In view of the foregoing, the petition is granted for the discharge, but deeming the defendant not entitled to his discharge upon the merits, it is further ordered that the defendant be incarcerated in the county jail of Cass county until released in due compliance with law; and a copy of this order shall be the commitment to the Sheriff of Cass county and his authority for holding the defendant."

Counsel for petitioner urge in this court four grounds why he is entitled to his liberty: First, they contend that he is being held without legal process; second, such contention is illegal, because no discharge is permitted except upon an order of court; third, he is illegally held because of neglect of creditor to pay for his board as required by the sheriff; and fourth, that a body execution cannot lawfully be issued in an action for seduction.

The last contention is the one chiefly relied on, and will be noticed first. Section 6890, Rev. Codes 1905, provides that "the defendant

may be arrested . . . in the following cases: 1. In an action for the recovery of damages for an injury to person or character, or for injuring or for wrongfully taking, detaining, or converting property. . . ." Section 7103 provides that, in an action in which a defendant may be arrested as provided in §§ 6890 and 6892, an execution may be issued against the person of the judgment debtor, etc.

Counsel's fourth contention squarely presents the question whether an action by a father to recover damages for the seduction of his daughter falls within the provisions of subdivision 1 of § 6890, above quoted, so as to authorize the issuance of a body execution against the judgment debtor. Such question has not heretofore arisen in this state so far as we are aware. Counsel for petitioner cites and relies upon the case of Wagner v. Lathers, 26 Wis. 436, decided under a statute the same as ours. The case seems to stand alone as an authority in petitioner's favor, and holds that an action for the seduction of plaintiff's daughter is not one "for an injury to the person or character," and defendant therein is not liable to arrest. Two early New York cases, which we will hereafter refer to, holding to the contrary, are criticized by the Wisconsin court; and while the reasoning of the opinion is quite persuasive, we are agreed that the sounder and better rule is as announced by the New York cases. Delamater v. Russell, 4 How. Pr. 234, and Straus v. Schwarzwaelden, 4 Bosw. 627. The Wisconsin case was decided in the year 1870, since which date Steinberg v. Lasker, 50 How. Pr. 432, was decided, following the prior New York decisions and citing two other cases. Also the case of Hoover v. Palmer, 80 N. C. 313, which was decided in 1879, based upon a similar statute which was borrowed from New York and approving of the New York holdings. The opinion in the latter case contains, among other things, the following language: "Blackstone, in his Commentaries, and indeed all the elementary writers, divide rights into two kinds,—such as concern or affect the person, called *rights of person,* and such as concern things, which are foreign to the person, called *rights of things.* The cases, *rights of person,* is subdivided into rights of person absolute, being such as belong to one, individually and separately considered, and rights of person *relative;* being such as extend to one in relation to and connection with others. Under this classification of rights, criminal conversation and seduction are enumerated and treat-

ed of by the law writers as injuries to, and included within the class of, the relative rights of person of a husband and parent. 3 Bl. Com. 138; 2 Kent, Com. 1295; 1 Chitty, Pl. 137. The section of the Code under consideration, after providing for arrest in actions *ex contractu* as against a nonresident, and one about to remove from the state, authorizes an arrest in causes of action not arising out of contract, in language broad enough to include all actions *ex delicto,* and then particularizes actions for injury to person, character, and property in the latter branch of the subdivision, with a further enumeration of the instances in which arrests may be made in other subdivisions.   On reading the whole question, it is difficult to adopt the construction contended for by the defendant.   Such a construction involves the absurdity of the legislature's intending to subject a trespasser or a tortfeasor to give bail for his appearance, and answer to an action in respect of property of insignificant value; while no security can be had for the forthcoming of a seducer to answer an action for debauching a daughter. We think it was not so intended, and the words of the statute do not demand such a construction.   It is fair to conclude that the legislature, in providing for arrest and bail in an action for injury to person, used those words—'injury to person'—according to their established legal signification in the classification of rights and injuries thereto as taught in the elementary writers, and, thus considered, the language employed in legal effect authorized, as we think, an arrest for all those injuries (seduction included) which may be suffered in respect of any rights of person, absolute or relative.   This, we hold, was intended to be and is the proper construction of the section of the Code of Civil Procedure in question.   The same construction is given in New York from which the section under consideration was copied.   Delamater v. Russell, 4 How. Pr. 234; Steinberg v. Lasker, 50 How. Pr. 432."

In this connection we here call attention to § 4030, Rev. Codes 1905, treating of offenses against the relative rights of persons. It provides: "The rights of personal relation forbid:

"1. The abduction of a husband from his wife or of a parent from his child.

"2. The abduction or enticement of a wife from her husband, of a child from a parent or from a guardian entitled to its custody, or of a servant from his master.

"3. The seduction of a wife, daughter, orphan sister, or servant; and

"4. Any injury to a servant which affects his ability to serve his master."

We think it strange that the legislature should provide for arrests of a tort feasor who has merely violated some property right, and not authorize an arrest for violations of one's personal rights, both absolute and relative; nor do we think a fair interpretation of the whole statute requires such a construction. A construction permitting arrest for conversion of property, and which denies such remedy to an injured parent whose daughter has been seduced, is so absurd that we cannot believe the legislature intended any such construction.

At the time we borrowed our Code of Civil Procedure from the state of New York in 1868, § 6890, supra, had received a settled construction by the New York courts, and it will therefore be presumed that, in adopting such statute, we adopted such settled construction; and were we in doubt (which we are not) as to the correctness of such construction, we would feel it our duty, nevertheless, to follow the New York precedents, leaving it to the legislature to change the rule, if in its wisdom a different rule should prevail.

We have considered the other contentions urged by counsel for relator, and deem them without substantial merit.

While the execution under which relator was arrested and was detained in custody is irregular in directing him to be incarcerated in the jail of Traill county, such irregularity does not go to the jurisdiction, even though chapter 108, Laws 1911, be construed as mandatory. The execution was not a nullity, and it was the duty of the presiding judge of the court out of which such execution was issued, to cause relator to be incarcerated in the proper jail pursuant to law, and it was entirely proper for such judge to make the order directing the transfer of the debtor to the Cass county jail, even though such order in effect operated to amend the execution in so far as the designation of the jail was concerned. This at most was an irregularity which cannot be taken advantage of by habeas corpus. It is contended by counsel that his Honor, Judge Pollock, at the hearing of the habeas corpus proceedings before him, released petitioner from arrest, and that he is now being held solely by virtue of the order made at such hearing. We think counsel are in error in such contention. It is true the judge in such order uses

the words: "The petition is granted for the discharge, but deeming the defendant not entitled to a discharge upon the merits, it is further ordered that he be incarcerated in the county jail of Cass county until released in due compliance with law; and a copy of this order shall be the commitment to the sheriff of Cass county and his authority for holding the defendant."

Such language, when properly construed, does not, in substance or effect, constitute a release or discharge of the execution debtor at all. It merely amounts to a direction for a change of the place of incarceration from Traill to Cass county. At the time of the issuance of the writ by this court, the relator was detained in the jail of the latter county by virtue of the execution and in pursuance of such order. Nor is there any substantial merit in the contention that by such order the jailor of Cass county was required to keep the relator for a longer time than the law requires; but even if so, he is not entitled to be liberated by habeas corpus until such time as, by operation of law, he is entitled to his liberty.

But it is earnestly contended that he is, and has been for a long time, entitled to his freedom by operation of law, because, as counsel assert, the plaintiff, on demand of the jailer of Traill county, refused and neglected to pay for his board. Whether, if such facts be established, it would afford petitioner ground for a discharge in a habeas corpus proceeding, we need not here determine, for no such state of facts is disclosed. On the contrary it affirmatively appears that such board was paid by or on behalf of plaintiff promptly after the demand was served for the payment thereof. This is shown by the affidavits of the sheriff and of J. M. Johnson, the creditor's attorney. The demand was made by registered mail, and the letter containing such demand was mailed at Hillsboro January 28th, and, according to the registry receipt in evidence, was not received by the creditor at Hope, to which place it was addressed, until January 30th. It appears that the payment of such board bill was received on February 4th, and presumably was remitted by mail. From all that appears from the record such remittance may have been deposited in the United States mail within twenty-four hours after the receipt of such demand. If so, this surely would have been a sufficient compliance with the statute, even under the most strict construction. The fact that the remittance did not reach the sheriff until

February 4th may therefore be easily accounted for, as it could not have reached Hillsboro before Sunday the 2d, or Monday the 3d of February. It may have been delayed in transit or not called for by the sheriff promptly on its arrival at Hillsboro. But however this fact may be, we are agreed that the statute was in good faith substantially complied with by the creditor, and that it would be highly technical to discharge the petitioner on such ground. We have examined the authorities cited by petitioner's counsel on this point, but we are inclined to favor as the more reasonable rule that announced by the California court in Ex parte Lamson, 50 Cal. 306.

It results from these views that the writ must be quashed and the prisoner remanded. It is so ordered.