ROBERTS, Respondent, v. JACOBS, Appellant.

(156 N. W. 589.)

(File No. 3853.    Opinion filed March 4, 1916.    Rehearing denied
April 11, 1916.)

1. **Trials—Sufficiency of One Count in Complaint—Failure to Demur or Object to Evidence—Motion for Verdict on Whole Case, Effect.**

Where, in a suit for damages for alienation of plaintiff's wife's affections, the first count in the complaint stated a cause of action, and defendant, who failed to demur or to object to introduction of evidence under the second cause of action, moved, at close of all evidence, for directed verdict against plaintiff on the whole case, stating as one ground therefor that the second count failed to state sufficient facts, held, that, there having been no motion for verdict as to the second cause of action, or to take case from jury as to said cause, and there being ample evidence under the first cause of action, the trial court properly overruled the motion.

2. **Husband and Wife—Alienation of Affections, Seduction—Frustrated Cohabitation, Right of Action For—Previous Want of Conjugal Affection, Effect.**

Where the evidence was positive and certain that defendant and plaintiff's wife retired to bed together with intent and purpose of indulging in sexual intercourse, held, in a suit for damages for seduction and alienation of affections, that the jury, warranted in believing said evidence, must have concluded that the plans of the wrongdoers were either fulfilled on that occasion, or were frustrated by plaintiff's unexpected appearance upon the scene at the moment when the act of copulation was about to take place; and even in absence of evidence that the wife's affections were thereby alienated, while loss of affection might increase the damages, yet the facts testified to constituted an injury giving rise to a cause of action, although prior thereto no affection had existed between the husband and wife.

3. **Trials—Alienation of Affections—Remarks of Counsel—Theory of "Frame-up," Mention of to Jury—Attacking Defendant's Virtue—Prejudicial Error.**

In a suit for alienation of affections, evidence of intercourse between defendant and plaintiff's wife having been adduced, and where the theory of plaintiff's counsel was that certain evidence tending to show that some time after the act in question plaintiff and wife had reached the depth of moral depravity, was a "frame-up" from manufactured evidence, held, that it was not prejudicial error for plaintiff's counsel to refer to the evidence, in his remarks to the jury, as a "frame-up;" the court having instructed, in connection with this statement, that the jury should not consider any statements not warranted by the evidence; nor was it such error for said counsel in his argument to inferentially attack defendant's reputation for virtue, the court having advised the jury that, in its opinion, no such deduction could be drawn from the evidence referred to.

4.  Damages—Husband    and    Wife—Seduction—"Excessive    Damages"—Passion and Prejudice—Sufficiency of Evidence—Condonation of Wife's Wrong, Effect.

Where, in a suit for alienation of affections, a verdict for plaintiff for $4000 was attacked as excessive, and as being rendered under influence of passion and prejudice, held, that, there being no evidence of prejudice, and the jury being warranted in presuming that ordinary relations of affection had previously existed between the husband and wife, on whose testimony alone the verdict was based, and while defendant did not win the wife's affections, and her surrender of virtue may possibly have been due to financial inducements, and plaintiff condoned her wrong by continuing the marital relations, yet he did not thereby condone defendant's offense, the verdict was not excessive, under Civ. Code, Sec. 2318, declaring that damages for seduction rest in the sound discretion of the jury.

5.  Evidence—Seduction—Subsequent Moral Depravity of Husband and Wife, Evidence as to, Remoteness.

In a suit for damages for seduction of and alienation of affections of plaintiff's wife, held, that evidence that some fifteen months after the occurrence plaintiff and wife had sunk to the depths of moral depravity, and that plaintiff was prostituting her for hire, was incompetent as proof that either of them was immoral prior to defendant's offense.

Appeal from Circuit Court, Brown County. Hon. THOMAS L. BOUCK, Judge.

Action by Ed. Roberts, against John Jacobs, for damages for seduction of and alienation of the affections of plaintiff's wife. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Geo. H. Fletcher,* and *Ezra L. Baker,* for Appellant.

*Amos N. Goodman,* and *S. A. Cochrane,* for Respondent.

(2) To point two of the opinion, Appellant cited: King v. Hanson, (N. D.) 99 N. W. 1085; Houghton v. Rice, 47 L. R. A. 310; Perry v. Lovejoy, (Mich.) 14 N. W. 485; Van Olinda v. Hall, 34 N. Y. Suppl. 777; Kroessin v. Keller, 27 L. R. A.; Ellis v. Lambert, 24 Ont. Appeal, 653; Bigaouette v. Paulet, 45 Am. Rep. 307; Wood v. Mathews, 47 Ia. 409.

Respondent cited: 25 Am. & Eng. (2d Ed.) 190; Elliott on Evidence, Vol. 4, 462.

(3) To point three of the opinion, Appellant cited: Belcher v. Ballou, 100 Ia. 473.

(4) To point four of the opinion, Respondent cited: Civ. Code, Secs. 32, 2318.

(5) To point five of the opinion, Respondent cited: Smith v. Hockenberry, 101 N. W. 207; 3rd Elliott on Evidence, 2641.

WHITING, J. The complaint herein purported to allege two causes of action: (1) That on May 10, 1911, and on divers days after that day, defendant, "intending to injure plaintiff, and deprive him of the comfort, society, aid, and assistance of his wife, * * * willfully * * * debauched and carnally knew" the wife of plaintiff without his consent or privity. That thereby the affection of said wife for plaintiff "was impaired, alienated, and destroyed, and * * * plaintiff was deprived of the comfort, socety, aid, and assistance, which he otherwise would have had from his said wife, and has suffered great distress of body and mind, to his great damage in the sum of $10,000." (2) That on or about August 8, 1911, with the like intent and result as above set forth, defendant "maliciously entered the said home of plaintiff and his said wife, and then and there maliciously, wrongfully, and with the promise of reward, enticed the said * * * wife into a bedroom with the intent to then and there debauch and carnally know her, * * * against the consent of this plaintiff." No exemplary damages were sought. Verdict and judgment entered in the sum of $4,000. From such judgment and order denying a new trial, this appeal was taken.

Appellant assigned several errors of law and also the insufficiency of the evidence to support the verdict. We will disregard all such of his assignments as have not been argued and discussed in his brief. This leaves for our consideration his contentions that:

"(a) The second cause of action as stated in the complaint does not state facts sufficient to constitute a cause of action.

"(b) The jury should not have been instructed that damages could be assessed against defendant under the alleged second cause of action.

"(c) The arguments of counsel were highly inflamatory and prejudicial to the defendant.

"(d) The verdict of the jury was excessive and unwarranted by the evidence."

[1] Appellant failed to demur to, or to object to the introduction of evidence in support of, the second cause of action. At the close of all the evidence, he asked for a directed verdict against respondent on the whole case, including in his motion therefor several grounds, one of which was:

"That the second cause of action stated in the complaint does not state facts sufficient to constitute a cause of action."

There was no motion asking a direction of verdict as to this one cause of action, or asking the court to take such cause of action from the jury, and, inasmuch as there was ample evidence to go to the jury on the other cause of action, the court clearly did not err in overruling the motion for directed verdict.

[2] The evidence in support of the second alleged cause of action having been received without objection, we should look to such evidence, rather than to the complaint, to determine whether there was proper support for the court's instructions. Proof of what occurred on the date referred to in the said second alleged cause of action was found in the testimony of both respondent and his wife. Such testimony was not positive and certain as regards whether the wrongful relations of appellant and respondent's wife had, at that particular time, extended any further than their retiring to bed together with the intent and purposes of indulging in sexual inercourse; but it was positive and certain as to such fact. Believing the testimony of these two witnesses, the jury must of necessity have concluded that the plans of these wrongdoers were either fulfilled on that occasion, or that they were frustrated by respondent's unexpected appearance upon the scene at the very moment when the act of copulation was about to take place. We refuse to subscribe to any rule of law which would recognize as an actionable wrong the consummated act of

coition, but would leave to the wronged party no right of recovery
for the wrong done him, where, by fortunate chance, he appeared
on the scene of action a moment before the wrongdoer had con-
summated his villanious purpose and thus prevented such consum-
mation. Can it be successfully contended that the person of a wo-
man has not been defiled, that she has not lost her chastity, that
the sacred right of marital consortium has not been impaired, that
she has not been seduced, when some man has, through seductive
influences, induced her to disregard her marriage vows to such
an extent that, as testified to in this case, she voluntarily goes
with him to a bedroom, where they disrobe and retire to a bed
with the fixed purpose of indulging his sexual passion; and can
it be so successfully contended simply because their purpose was
frustrated through the unexpected appearance of the woman's
husband? Surely, while the wrong done the husband may dif-
fer in degree from the wrong intended, it did not differ in kind,
and we apprehend that, to the mind of any right-thinking man or
woman, the difference in degree would scarcely be perceptible.
In Coolley on Torts (3d Ed.), the learned author, after noting
that the common-law remedies for a violation of the husband's
marital rights are "all grounded upon or permeated with the ideas
which mark their origin in a rough and uncultivated society,"
says, at page 468:

"The action for seducing the wife away from the husband is
by no means confined to the case of improper and adulterous re-
lations; but it extends to all cases of wrongful interference in the
family affairs of others whereby the wife is induced to leave the
husband, or to so conduct herself that the comfort of the married
life is destroyed."

Is it possible that the conduct alleged would not tend to de-
stroy "the comfort of the married life" of respondent if he had
any proper sense of shame and decency? That it is not essential
to a cause of action that the wife be caused to leave the home of
her husband is fully supported by authority. Heermance v.
James, 47 Barb. (N. Y.) 120; Rinehart v. Bills, 82 Mo. 534,
52 Am. Rep. 385. Appellant contends that, inasmuch as there
was no evidence tending to show that the wife's affection for her
husband was in any manner alienated, there was nothing warrant-
ing submitting this second alleged cause of action. While loss

of affection might increase the damage, yet the facts testified to would constitute an injury forming the basis of an action for damages, even though prior thereto there had existed no affection between respondent and his wife.

[3] Appellant urges that there was prejudicial misconduct on the part of counsel for respondent in that, in argument to the jury, such counsel "repeatedly called the personal character of the defendant in question, and referred to the long period of time the litigation had been in progress, referred to the defense as a frame-up, and unduly prejudiced the jury against the defendant in the action by referring to matters outside of the record." Over respondent's objection, there was received the testimony of several witnesses which, if believed by the jury, would convince it that some 15 months after the last act complained of in respondent's complaint, both respondent and his wife had reached the very depth of moral depravity. It seems to have been the theory of respondent's counsel that this testimony was a "frame-up," just as it was the apparent theory of appellant that respondent's alleged causes of action were both based upon "framed-up" testimony. We cannot say that it was prejudicial error for counsel to advise the jury of his theory of any part of the case. Whether there was evidence to support such theory was for the jury to determine. In connection with this statement, the court advised the jury that:

"Any statements not warranted by the evidence should not be considered by the jury, and you will be governed by the evidence given here by the evidence alone."

Respondent's counsel in his argument said:

"Tell me whether or not the captain (appellant) is virtuous when the maid slept in a room adjacent to his room in which there was a door connecting between them."

Appellant's counsel objected to this statement on the ground that there was nothing in the fact stated (which fact was conceded by appellant) from which any imputation against the character of appellant could be deduced, and the court advised the jury that, in its opinion, no such deduction could be drawn from the evidence. Two other statements were complained of, both of which were clearly unprejudicial and need no specific attention. We find nothing in the above warranting a reversal of this case.

[4, 5] Was the verdict so excessive, and so unwarranted by the evidence, as to make it apparent that it was rendered under the influence of passion and prejudice? While the jury might rightfully be prejudiced against the commission by any one of the wrongs charged against appellant, there is absolutely nothing in the evidence offered by respondent that could tend to unduly prejudice the jury against appellant. It is true that respondent's case rested upon the testimony of himself and wife; but apparently the jury, as it clearly was justified in doing, believed their story, and this verdict, if it falls, must fall owing to the facts revealed by their testimony. It appears that they, with their two little children, were living in a farm house belonging to appellant. Evidence is wholly wanting to show their prior relations. Therefore the jury were justified in presuming that theirs had been the ordinary relations existing between husband and wife. It is true that appellant did not win the affections of the wife, but that the surrender of her virtue was for a purely property consideration, thus indicating a lack of moral stamina on the part of the wife. While her virtue yielded readily to the assault that was made upon it, it is quite possible that financial inducements won where the more usual influences would have utterly failed. There was nothing from which the jury could find that she had ever fallen before, and it might well have believed that, if not overtempted by appellant, she might have forever remained faithful to her husband. It is also true that respondent condoned her wrong by continuing to live with her and continuing marital relations with her, but by so doing he did not condone appellant's offense. Smith v. Hockenberry, 138 Mich. 129, 101 N. W. 207. Appellant's wrongdoing was not followed by the disastrous consequences to the home life of the wronged party that often results from such wrongs, but there was no evidence from which the jury could find that this was because of any lack of moral sense on the husband's part rather than because of a forgiving spirit and of a desire to care for his little ones. Appellant strenuously contends that the evidence showed respondent and wife some 15 to 18 months after the acts complained of, to be sunken to the very depths of moral degradation; that in fact he was prostituting her for hire. It is the evidence of this fact that respondent's

counsel dubbed a "frame-up." It never should have been admitted; it related to a time too far removed to be admissible as proof that either respondent or his wife were immoral prior to appellant's offense. Undoubtedly the jury disbelieved these witnesses, but, if not, there being an entire absence of any other apparent cause therefor, they may have found the condition into which these parties afterwards sank to have been the result—as it well might be—of the wrong done by appellant. Our lawmakers have declared (section 2318, C. C.) that "the damages for seduction rest in the sound discretion of the jury." With the jury believing the story told by respondent and his wife, we do not believe this court would be justified in saying that it was moved by passion or prejudice when it declared respondent to have been damaged in the sum of $4,000.

The judgment and order appealed from are affirmed.