PRINTUP, ADMINISTRATRIX, et al, Appellants, v. KENNER et al (BINGHAM et al, INTERVENER,) Respondents.

(180 N. W. 512.)

(File No. 4763.  Opinion filed December 22, 1920.  Rehearing denied March 25, 1921.)

1.  Foreclosure—Foreclosure by Advertisement—Sale Notice, Publication For Six "Successive Weeks," Whether Sale Made at End of Sixth Calendar Week Valid—North Dakota Adverse Decision Approved, But Rule in South Dakota Issenhuth Case Recognized Under Stare Decisis—Brekke v. Crew Case Distinguished.

Under Sec. 2879, Code 1919 (Sec. 639 C. C. P. 1903,) providing that on foreclosure by advertisement, notice of mortgage foreclosure sale must be given by publishing same for six successive weeks, at least once in each week, etc., and Sec. 8, Code 1919, (Sec. 2445 C. C., 1903,) providing that whenever in any action or statute providing for publication of notice, the phrase "successive weeks" is used, the term "weeks" should be construed to mean calendar weeks, and the publication upon any day in such week shall be sufficient publication for that week, providing that at least five days shall intervene between such publication; **held**, that where the successive publications were on Fridays, beginning December 21, and ending on January 25 following, the sale having been made on Saturday, January 26, there being but 35 days between date of first publication and sale date, while the rule laid down in Cotton v. Horton, 22 N. D. 1, 132 N. W. 225, construing similar statute to the effect that, after similar publication, a valid sale could not be made until the first week day of the seventh week, is correct; yet, in view of the decision of this Court in Thomas v. Issenhuth, 18 S. D. 303, 100 N. W. 436, holding to the contrary and to the effect that, after a similar publication for six successive weeks, there not being six full weeks or 42 days elapsing between date of first publication and day of sale, but only 37 days, a sale made at end of sixth week after last publication was valid, is adhered to, under the rule or maxim of stare decisis; that decision having been a rule of property in this state for sixteen years; that without observance of said rule the law is divested of one of its most important attributes, be-

comes fluctuating and capricious, and, instead of being a steady light to guide or shield to protect it becomes an **ignis fatuus** to mislead or a snare to entrap the citizen. That the case at bar is distinguished from Brekke v. Crew, 43 S. D. 106, 178 N. W. 146, wherein the view was taken that the decision of Joas v. Jordan, 21 S. D. 379, 113 N. W. 73, did not involve a rule of property within the maxim stare decisis; and case at bar does not involve an important principle of law as did the Brekke case.

2.    **Courts—Stare Decisis, Rule Of, Application Of, Defined—Acknowledgement of Court's Mistake, Yet Adherence to Established Rule of Property, Public Policy Governing**

Stare decisis is a name given to a doctrine that when the Court has once laid down a principle of law as applicable to a certain order of facts, it will adhere to that principle, and apply it to all further cases where the facts are substantially the same. And while when a court deliberately concluded it has made a mistake, it is better that it frankly acknowledge same and declare the true doctrine, yet, when a decision has become an established rule of property it is not to be overthrown except from most urgent considerations of public policy.

Gates and Smith, JJ., concurring specially.

Appeal from Circuit Court, Marchall County. Hon. RAYMOND L. DILLMAN, Judge.

Action by Marion H. Printup, as administratrix of the estate of D. L. Printup, deceased, and another, against C. W. Kenner, Sheriff of Marshall County, South Dakota and the Commissioner or Officer of the Court, and others; Diana Bingham and Charlotte Bingham, intervening, to enjoin defendant Sheriff from making an execution sale of certain land. From a judgment in favor of the interveners, plaintiffs appeal. Reversed, with directions.

*Max Stokes,* and *Harold W. King,* for Appellants.

*Gardner & Jones,* and *Waddel & Dougherty,* for Respondents.

(1) Under point one of the opinion, Appellant cited: Cotton v. Horton (N. D.) 132 N. W. 225; Bailey v. Hendrickson, (N. D.) 143 N. W. 134, Ann. Cases 1915 C. 739.

Respondents cited: Wilson, et al, v. Northwestern Mutual Life Insurance Company, 65 Fed. 38, 12 C. C. A. 505; Donald v. Nordyke Marmon Company, 9 N. D. 290, 83 N. W. 6.

McCOY, P. J. This action was instituted by plaintiffs, as alleged owners of certain real estate, to restrain the sheriff from

making an execution sale of said lands under judgments rendered against alleged former owners. The defendant sheriff made answer, denying plaintiffs' ownership and affirmatively alleging the rendition of said judgments against the Binghams, prior owners, and the issuance of execution thereunder requiring defendant, as sheriff, to make sale of said lands. Diana and Charlotte Bingham intervened in the action, each claiming an interest in said lands, and alleging the foreclosure sale, under which plaintiffs claimed title, to be void, and praying judgment determining all adverse rights, titles, and interest therein. From a judgment in favor of the interveners, dismissing the action upon the merits on the ground that the mortgage foreclosure sale under which plaintiffs claim title was void, the plaintiffs appeal.

There is no dispute in regard to the facts, the same having been stipulated to by the respective parties. Appellants, the plaintiffs claim title under mortgage foreclosure sale by advertisement. It is conceded by respondents that, if the said mortgage sale was valid, appellants have good title and should prevail on this appeal; while, on the other hand, the appellants concede that if the said sale was void, for want of publication of legal notice thereof, the judgment appealed from should be affirmed. The proceedings to foreclose said mortgage were commenced on December 18, 1917. The notice of sale was published on Fridays, December 21 and 28, 1917, and January 4, 11, 18, and 25, 1918, and the sale was made on Saturday, the 26th day of January, 1918. Section 2879, Code 1919, in force at the time of said sale, provides:

"Notice that such mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, must be given, by publishing the same, for six successive weeks, at least once in each week, in a newspaper of the county where the premises intended to be sold, or some of them, are situated, if there be one, and if not, then in the nearest published in the state."

Section 8, Code 1919, in force at the time of said sale, provides:

"Whenever, in any act or statute providing for the publishing of notices, the phrase 'successive weeks' is used, the term 'weeks' should be construed to mean calendar weeks, and the publication upon any day in such weeks shall be sufficient publication for that week: Provided, that at least five days shall inter-

vene between such publications, and all publications heretofore or hereafter made in accordance with the provisions of this section shall be deemed legal and valid."

[1] It is the contention of respondents that under these provisions of the statute a legal foreclosure sale could not be made until after the full expiration of the sixth calendar week; that is, a sale could not be legally made during the week within which the last publication was made, as the calendar week begins on Sunday and ends with Saturday, and that the sale in question was made before full 6 weeks' notice had been given.

The state of North Dakota has precisely the same statutory provisions in relation to the publication of such notices. In the case of Cotton v. Horton, 22 N. D. 1, 132 N. W. 225, the Supreme Court of that state, in construing said sections of statute, said:

"We believe the plain reading of the first part of this chapter is that a publication upon any day of the first week of the 'six successive weeks' should be sufficient publication for the entire calendar week, commencing Sunday morning. A similar publication for six successive weeks would satisfy the law. The sale might be held upon the first week day of the seventh week."

[2] We are of the view that this interpretation and construction placed upon these sections of the statute by the North Dakota Supreme Court was correct, and that the decision of this court in the case of Thomas v. Issenhuth, 18 S. D. 303, 100 N. W. 436, was an incorrect and erroneous construction of these sections of our statute. However, we are of the opinion, under the rule or maxim of stare decisis, that we should now adhere to the decision in Thomas v. Issenhuth. The facts of that case were precisely the same as in this. For 16 years that decision has been a rule of property in this state. The maxim of stare decisis is founded on reason and sound public policy.

"Without its observance the law is divested of one of its most important attributes, becomes fluctuating and capricious, and, instead of being a steady light to guide or shield to protect, becomes an ignis fatuus to mislead or a snare to entrap the citizen."

"Stare decisis is a name given to a doctrine that, when the court has once laid down a principle of law as applicable to a certain state of facts, it will adhere to that principle, and apply it

to all further cases where the facts are substantially the same."
7 Words and Phrases, p. 6627; Moore v. Albany, 98 N. Y. 396;
Hart v. Ry. Co., 65 App. Div. 493, 72 N. Y. Supp. 797.

"When a court comes to the deliberate conclusion that it has
made a mistake, * * * it is better * * * that it * * * frankly ack-
nowledge its mistake and declare the true doctrine as it should
have been. * * * When, however, a decision has become an es-
tablished rule of property, it is never to be overthrown, except
from the most urgent considerations of public policy." Hines v.
Driver, 89 Ind. 339.

This case is to be distinguished from Brekke v. Crew, 178 N.
W. 146, in that a majority of this court, in that case, were of the
opinion that the decision in Joas v. Jordan, 21 S. D. 379, 113 N.
W. 73, was of such a character as not to establish or refer to a
rule of property, so as to make the doctrine of stare decisis ap-
plicable thereto. This case at bar does not involve an important
principle of law, as was the case in Brekke v. Crew.

The judgment appealed from is reversed, with directions
that judgment be entered in favor of appellants, substantially to
the effect that appellants, at the time of the commencement of
this action, were the absolute owners in fee of said lands as
against respondents, the interveners, and as against said defend-
ant, sheriff, and that respondents and said sheriff be restrained
from in any manner interfering with appellants' said ownership
by reason of any of the matters and things involved in this
action.

GATES and SMITH, JJ. (concurring specially.) We con-
cur with everything that is said in the opinion, except the follow-
ing:

"This case is to be distinguished from Brekke v. Crew, 178
N. W. 146, in that a majority of this court, in that case, were of
the opinion that the decision in Joas v. Jordan, 21 S. D. 379, 113
N. W. 73, was of such a character as not to establish or refer to
a rule of property, so as to make the doctrine of stare decisis ap-
plicable thereto. This case at bar does not involve an important
principle of law, as was the case in Brekke v. Crew."

We do not think this case is distinguishable in principle from
Brekke v. Crew, supra, nor can we agree that the present case
does not involve an important principle of law.