KAAS, Appellant, v. FIRST STATE BANK OF LAKE CITY et al, Respondents.

(193 N. W. 54.)

(File No. 5201.  Opinion filed April 3, 1923.)

**Time—Foreclosure—Mortgages—Publication—Notice of Foreclosure Sale by Advertisement Held Sufficient.**

In an action begun to enjoin the issuance of a sheriff's deed under a foreclosure sale, during the period of redemption, and. before the deed on foreclosure had been issued, where it appeared that the foreclosure sale was by advertisement under Rev. Code 1919, Sec. 2879, that the sixth publication of the notice was had on April 1st, and that the sale was held April 2d, the notice was sufficient.

Appeal from Circuit Court, Marshall County; Hon. B. A. WALTON, Judge.

Action by Otto L. Kaas against the First State Bank of Lake City and another. From an order sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

*Harold W. King,* of Britton, for Appellant.

*C. A. Sasse,* of Veblen, and *Waddel & Dougherty,* of Webster, for Respondents.

Respondent cited: Printup et al v. Kenner, 43 S. D. 473, 180 N. W. 512; Thomas v. Issenhuth, 18 S. D. 303, 100 N. W. 436.

GATES, J. This appeal brings up the sufficiency of the publication of a notice of foreclosure sale by advertisement (Rev. Code 1919, § 2879). The sixth publication of the notice was had on April 1, 1921, and the sale was held on April 2, 1921. This action was begun on March 30, 1922, to enjoin the issuance of sheriff's deed. The plaintiff appeals from an order sustaining a demurrer to the complaint. In his brief appellant quotes that portion of our opinion in Printup v. Kenner, 43 S. D. 473, 180 N. W. 512, wherein we admitted the correctness of the decision of the North Dakota Supreme Court upon this subject, but held that we were bound by the rule of stare decisis to adhere to the decision in Thomas v. Issenhuth, 18 S. D. 303, 100 N. W. 436. Appellant seeks to differentiate this case from those, in that here, the action was begun to set aside the sale during the period of redemption, and before the sheriff's deed on foreclosure had been issued.

We are still of the view that the rule of stare decisis compels us to adhere to the former decisions, even though this action was brought before the sheriff's deed had been issued.

The order appealed from is affirmed.