HOLMSTROM, Plaintiff, v. WALL, et al, Defendants.

(268 N. W. 423.)

(File No. 7966. Opinion filed June 29, 1936.)

*Henry C. Mundt* and *W. O. Knight*, both of Sioux Falls, for Plaintiff.

*John C. Mundt* and *T. R. Johnson*, both of Sioux Falls, for Defendants.

RUDOLPH, J. This case is here as an original proceeding in certiorari. One Anna Linnenbuerger obtained a judgment against the petitioner, Sophia Holmstrom, in the circuit court of Minnehaha county on October 15, 1934. The judgment was one recovered for the alienation of the affections of the plaintiff's husband, and is as follows:

"* * * Ordered, adjudged and decreed, that the plaintiff, Anna Linnenbuerger, have and recover judgment against the defendant, Sophia Holmstrom, also known as Sofie Holmstrom and Sofia Holmstrom, for the sum of Seventeen Thousand Five Hundred Dollars ($17,500.00) together with the costs and disbursements of this action amounting to the sum of $124.40 (to be hereinafter taxed and inserted herein by the Clerk of this Court) amounting in all to a total sum of $17,624.40, for knowingly, purposely, wilfully, wrongfully, wickedly and maliciously alienating and destroying the affections of plaintiff's husband, Fred Linnenbuerger, for the plaintiff, Anna Linnenbuerger, herein. * * *"

An execution upon said judgment was returned unsatisfied, and thereafter upon the application of the plaintiff in the circuit court action, the circuit court by order directed that "Eugene I. Foster, as clerk of the said circuit court of Minnehaha County be, and he hereby is, authorized and directed to issue a body execution against the said defendant." It appears that a body execution has issued, and the petitioner in this proceeding questions the authority and jurisdiction of the circuit court and the clerk thereof to issue a body execution against the petitioner here, who was the defendant in the circuit court action.

Section 2636, R. C. 1919, provides as follows:

"If the action be one in which the defendant might have been arrested as provided in section 2384 and section 2386, an execution against the person of the judgment debtor may be issued to any county within the jurisdiction of the court after the return of an execution against his property unsatisfied in whole or in part. But no execution shall issue against the person of a judgment debtor unless an order of arrest has been served as provided in this title, or unless the complaint contains a statement of facts showing one or more of the causes of arrest required by section 2384."

The question presented is, therefore, whether the complaint

"contains a statement of facts showing one or more of the causes of arrest required by section 2384." As stated above, the complaint upon which the judgment was based was one for alienating the affections of the plaintiff's husband, and from the allegations of the complaint it appears that the acts of the defendant upon which the cause of action was based were willful. Section 2384, R. C. 1919, provides:

"The defendant may be arrested, as hereinafter prescribed, in the following cases:

"1. In an action for the recovery of damages, on a cause of action not arising out of contract, where the defendant is not a resident of the state or is about to remove therefrom, or where the action is for an injury to person or character, or for injuring or wrongfully taking, detaining or converting property. * * *

"5. * * * But no female shall be arrested in any action, except for wilful injury to person, character or property."

Is the willful alienation of the affections of the husband of another by a female a willful injury to the person, character, or property of the wife? Counsel for petitioner contend that a wife has no right of action against one who wrongfully interferes with the marital relationship and deprives her of the consortium of her husband except as such right is given to her by statutes of this state. Counsel therefore argues that the interference with the relationship is not an injury to either the person or property of the wronged wife within the meaning of section 2384, but is simply a violation of a statutory right given to the wife. With this contention of counsel we are unable to agree. Clearly, the contention is contrary to the views of this court as announced in the case of Moberg v. Scott, 38 S. D. 422, 161 N. W. 998, 1000, L. R. A. 1917D, 732. In the Moberg-Scott Case this court very clearly and definitely held that since the enactment of the statute removing the disability of coverture, there exists a present day "common-law right" in the wife to maintain an action for the loss of the husband's society, affection, or consortium. This right exists independent of any statute. The reasons for the holding in the Moberg-Scott Case are so clearly announced in the opinion in that case that it is unnecessary to here again go into those reasons. Since the decision in that case, it has been the established law that the

wife, independent of any statute, has a cause of action against any one wrongfully interfering with the marital relationship.

█ The gist of an action for alienation of affections is the loss of consortium consisting of society, companionship, conjugal affections, and fellowship. R|oberts v. Jacobs, 37 S. D. 27, 156 N. W. 589. It was this same loss to the wife which formed the basis for the recovery in the case of .Moberg v. Scott, supra. In that case this court quoted with approval the following:

"The right of the wife to the consortium of the husband is one of her personal rights. * * * 'Upon principle this right in the wife is equally valuable to her as property, as is that of the husband to him. Her right being the same as his in kind, degree, and value, there would seem to be no valid reason why the law should deny to her the redress which it affords to him. * * * The gist of the action is the loss of consortium, which includes the husband's society, affection, and aid.' "

█ In view of the reasoning in the Moberg-Scott Case, we are of the opinion that a willful alienation of the affections of the husband is a willful injury to the person and property of the wife within the meaning of section 2384 permitting arrest in civil cases. Such is the general holding. See Taylor v. Bliss, 26 R. I. 16, 57 A. 939; Leicester v. Hoadley, 66 Kan. 172, 71 P. 318, 65 L. R. A. 523; State ex rel Nyhus v. Ross, 24 N. D. 586, 139 N. W. 1051.

It follows that in our opinion the plaintiff in the circuit court action was entitled to have issued a body execution against the defendant and the proceedings below are therefore affirmed.

All the Judges concur.