AMERICAN TECHNICAL MACHINERY
CORPORATION, Plaintiff,

v.

MASTERPIECE ENTERPRISES, INC.,
Norris Machine Co., Inc., Percy Dieffenbach and Alfred Norris, Defendants.

Civ. No. 7798.

United States District Court
M. D. Pennsylvania.

Sept. 17, 1964.

918

John M. Calimafde, New York City, George A. Yavorek, Scranton, Pa., for plaintiff.

Sol Lubin, Wilkes-Barre, Pa., Robert K. Youtie, Philadelphia, Pa., Henry G. Hager, 3d, Williamsport, Pa., Donald E. Zinn, Washington, D. C., for defendants.

NEALON, District Judge.

In this action, plaintiff, American Technical Machinery Corporation, seeks injunctive relief and damages from Masterpiece Enterprises, Inc., and Norris Machine Company, Inc., and also against Percy Dieffenbach, President of Masterpiece, individually, and Alfred Norris, President of Norris, individually. It is plaintiff's contention that the defendants have infringed with plaintiff's patent. The defendant, Percy Dieffenbach, has moved under Federal Rules of Civil Procedure 12(b), 28 U.S.C.A., to dismiss the action, asserting that the complaint fails to state a claim against him upon which relief can be granted.

The pertinent allegation of the complaint avers that the defendant, Percy Dieffenbach, with knowledge of plaintiff's patent, induced and conspired with Masterpiece Enterprises, Inc., to infringe the aforesaid patent, thereby causing plaintiff substantial damage. It is defendant's contention that this allegation does not raise a prima facie presumption of liability on his part as an individual. He argues, rather, that the alleged acts of infringement in the complaint were the acts of the corporate defendants and, in the absence of special circumstances, managing officers of a corporation are not liable for the infringing acts of the corporation though committed under their general direction.

Under the Patent Statute, 35 U.S.C.A. § 271(b), anyone who "actively induces infringement of a patent shall be liable as an infringer." The decisions in patent infringement cases are clear that where an individual is an organizer, president and dominant spirit of an infringing company, then he is personally liable. Shuldener, et al. v. Trio Water Engineering Corporation, et al., 15 F. Supp. 732, 734 (S.D.N.Y.1936), and Eversharp, Inc. v. Fisher Pen Co., 204 F. Supp. 649 (N.D.Ill.1961). This rule was applied in Upjohn Company v. Italian Drugs Importing Co., 190 F.Supp. 361 (S.D.N.Y.1961):

> " * * * where a corporate officer exceeds his executive duties and deliberately organizes a corporation for the purpose of infringing a patent, or where he *otherwise* acts as the moving, active, conscious force behind an infringement, he may be held personally liable." (Emphasis supplied)

A motion to dismiss a complaint for failure to state a claim upon which relief can be granted admits the facts alleged in the complaint, but challenges the plaintiff's right to relief. The complaint should not be dismissed unless it appears to be a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claim. Local 149, Boot and Shoe Workers Union, AFL-CIO v. Faith Shoe Company, 201 F.Supp. 234 (M.D.Pa.1962). All that is usually required in the complaint is a generalized statement of the facts from which the defendant may form a responsive pleading; thus if a bona fide complaint is filed that charges every element necessary to recover, summary dismissal for failure to set out evidential facts is not justified. The United States Supreme Court in Conley v. Gibson, 355 U.S. 41, 46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957), has endorsed "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Pleadings must be construed liberally and, with that precept in mind, I am satisfied that the complaint charging Dieffenbach with knowingly inducing and conspiring with Masterpiece to infringe the patent is a sufficient foundation upon which further proof may be offered to show that he was the organizer,

president and dominant spirit of an infringing company or that he otherwise acted as the moving, active, conscious force behind an infringement. The motion will be denied.