211 So.2d 461

**Mildred M. LOGAN**

v.

**Clara DAVIDSON.**

6 Div. 523.

Supreme Court of Alabama.

June 6, 1968.

George Brown, Birmingham, for appellant.

Equity will not attempt to restore a broken marriage by injunction. Knighton v. Knighton, 252 Ala. 520, 41 So.2d 172; Snedaker v. King, 111 Ohio St. 225, 145 N.E. 15.

Corretti, Newsom & Rogers, Birmingham, for appellee.

One spouse may enjoin a third person from alienating the affections of the other spouse in a proper case. Henley v. Rockett, 243 Ala. 172, 8 So.2d 852.

MERRILL, Justice.

Appeal from a decree denying appellant's motion to dissolve a temporary injunction. The one assignment of error charges that the court erred in taking such action.

The appellee, wife of Wilford C. Davidson, filed her bill seeking to enjoin her husband's paramour from "receiving support,

money, gifts, presents and other things of value from the said Wilford Chester Davidson, either directly or indirectly, and from visiting him, associating with him, meeting him clandestinely, writing to him, or otherwise associating with the said Wilford Chester Davidson, the husband of the complainant, and from going with him on trips in or out of the State and that she be further enjoined, either in person or by and through others, from writing to, communicating with or otherwise contacting the said Wilford Chester Davidson by word, note, letter, or telephone, or doing or causing to be done, directly or indirectly, any act preventing or tending to prevent said Wilford Chester Davidson from giving to the complainant the companionship, conjugal relationship and support and affection to which she, as his wife, is entitled," and the writ was issued in those words.

The allegations of the bill showed that appellee and her husband were married in 1949, that they had a seventeen year old daughter, that during the two years next preceding the filing of the bill her husband had become enamored of appellant and he was seeing and associating with appellant. Paragraph 5 of the bill alleges:

> "That your complainant is at this time and has at all times since the commencement of said affair making every possible effort to preserve the said marriage; that your complainant has not abandoned the marriage and is at this time and has at all times since the commencement of said affair made every effort to preserve the said marriage and maintain same for herself, her husband and the said minor child. Your complainant has encouraged and made every effort to persuade the said Wilford Chester Davidson to cease and desist from his relationship with the said respondent and to re-establish, maintain and keep the marriage between the complainant and him."

After the trial court ordered the issuance of the temporary injunction, appellant filed her sworn answer in which she stated that appellee had abandoned her husband on June 3, 1966, and had not lived with him since and that he had filed a bill for divorce. She filed a motion to dissolve the temporary injunction and supported it with an affidavit of appellee's husband, stating "that the appellee had removed herself from his home and abandoned him and that he never intended to live with her again under any circumstances. He also stated in his affidavit that any love and affection he formerly had for his wife had ceased to exist and that it would be a vain and useless thing for the trial court to attempt the restoration of the marriage by injunction."

Appellee filed affidavits by Jimmy Greenwood, herself, her daughter, Deborah, and Christine Thompson.

The Greenwood affidavit states that Mr. Greenwood operated a cafe and that appellee's estranged husband and the appellant were seen there together on many occasions and that he had personal knowledge that he gave gifts and things of value to the appellant. He also swore that the appellant requested and was granted leave of absence from her job to have an out-of-town rendezvous with appellee's estranged husband.

The affidavit of the appellee says that her estranged husband left their home on June 12, 1966, and that she has repeatedly urged him to return and reestablish the marriage relationship. She also said that her husband had expressed his affection for their daughter on a number of occasions and had assured their daughter that he wanted to return and would return; that their marriage had been a very happy one until such time as the appellant came into the picture; that her husband had commenced consorting with the appellant approximately two years before. She also says that on June 23, 1966, she knew that her husband had gone to Florida and suspected that he had gone with the appellant; that she found the appellant and her husband registered as man and wife in Jacksonville, Florida; that the appellant

then stated that she realized she had made a mistake in trying to break up the marriage and promised that if the appellee would not cause her any more trouble that she would never again interfere with the marriage and would never see appellee's husband again. She also swore that in spite of her husband's wrong doing, she still had a great amount of love and affection for her husband and that there was no reason why the marriage would not continue to work provided the appellant would leave her husband alone.

The affidavit of the daughter, Deborah Ann Davidson, states that her father left home in June of 1966 and that her mother and she had on many occasions requested him to return and live with them; that she loved her father very much and knew that her mother loved her father; that she and her mother and father had an extremely happy home until her father met the appellant. She also said that the appellant for approximately two years had done everything within her power to break up the marriage between her mother and father. She said that she had discussed the matter with her father on several occasions and that he had assured her that he loved her and wanted to do everything possible to make her happy and that he had been seeing the appellant and that she had come between him and her mother. She said that her mother on many occasions had asked and begged her husband to return to the home and resume a happy marital relationship. She said that she had also begged and pleaded with her father to return to their home and live with her and her mother. She further stated that she knew that her mother and father's marriage could be restored provided the appellant would leave her father alone and would quit seeing him, calling him and otherwise soliciting his affections. She further stated that she knew that her mother would, on a moment's notice, resume the marital relationship with her father, for she had expressed to her on numerous occasions her love and affection for her father and her willingness to forgive him for his associations and relationship with the appellant. She said that on several occasions her father had assured her that he loved her and wanted to do everything possible to make her happy. She also said, "I know that my mother did not abandon my father."

The affidavit of Christine Thompson said that she was personally acquainted with the appellant and the appellee's estranged husband and had seen them together on many occasions and had lunch with them. She said she had talked to the appellant about trips that she and the appellee's estranged husband had taken together in and out of the State of Alabama; that she had seen numbers of pictures of them made together while on those trips; that the appellant had stated to her that she had been living in a trailer owned by the appellee's estranged husband which trailer was parked in Jefferson County, Alabama.

After a consideration of the evidence, the trial court denied the motion to dissolve the temporary injunction and this appeal followed.

Appellant relies on the case of Knighton v. Knighton, 252 Ala. 520, 41 So.2d 172. Appellee relies on Henley v. Rockett, 243 Ala. 172, 8 So.2d 852. In the latter case, we held that one spouse may enjoin a third person from alienating the affections of the other spouse in a proper case.

The *Knighton* case, written by Livingston, C. J., is not in conflict with the *Henley* case. In *Knighton,* the wife was seeking separate maintenance in one aspect of the bill; while in the other aspect, the wife sought an injunction to restrain both respondents, the husband and his alleged paramour, from further pursuing or carrying on their alleged improper relations with each other. Also, the husband and wife had mutually agreed to a separation, and the husband was made a party respondent.

Here, as in the *Henley* case, there was no suit for separate maintenance; the wife

**330**

and her minor daughter were seeking to preserve the marriage and, evidently, the trial court believed that the wife had not abandoned it.

We think this case is governed by the *Henley* case instead of *Knighton*.

We have held that an injunction, whether permanent or temporary, cannot, as a general rule, be sought as a matter of right, but the power to grant or refuse it rests in the sound discretion of the court, under the facts and circumstances of the particular case. Home Specialty Pest Control Co. v. Frew, 272 Ala. 413, 132 So.2d 246; Corte v. State, 259 Ala. 536, 67 So.2d 782; City of Mobile v. Farrell, 229 Ala. 582, 158 So. 539. And since a temporary injunction cannot be sought as a matter of right, we do not think the inconvenience suffered by appellant here is of such magnitude that we should find abuse of discretion. Henley v. Rockett, 243 Ala. 172, 8 So.2d 852. See Southern Rock Products Co. v. Self, 279 Ala. 488, 187 So.2d 244, where this rule was applied.

· Affirmed.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.