372 So.2d 787 (1979)
Roy S. OHLHAUSEN, Plaintiff-Appellant,
v.
Gary N. BROWN, Defendant-Appellee.
No. 13874.
Court of Appeal of Louisiana, Second Circuit.
June 12, 1979.
James L. Fortson, Jr., Shreveport, for plaintiff-appellant.
Love, Rigby, Dehan, Love & McDaniel by Kenneth Rigby, Shreveport, for defendant-appellee.
Before HALL, MARVIN and JONES, JJ.
HALL, Judge.
Plaintiff appeals from a partial summary judgment dismissing his demands for damages for defendant's alleged alienation of *788 the affections of plaintiff's wife. We affirm.
Plaintiff filed a petition seeking damages from defendant, asserting two separate causes of actiondefamation and alienation of affections. Defendant filed a contradictory motion for a partial summary judgment, an alternative motion to strike, and an alternative motion for a judgment on the pleadings, all seeking to eliminate plaintiff's demands based upon the alienation of affections cause of action. A hearing was ordered. Defendant then filed peremptory exceptions of no cause and no right of action as to both of plaintiff's causes of action. This exception was sustained only as to the defamation action, with leave of plaintiff to amend his petition within ten days, which he did. The trial court also rendered judgment in favor of defendant on his motion for summary judgment, dismissing plaintiff's demands for damages for alienation of affections. After plaintiff's motion for a new trial was denied, he appealed from the partial summary judgment.
Plaintiff assigns two errors to the trial court's judgment. The first is that the trial court erred in holding Louisiana has no recognized cause of action for alienation of affections, and the second is that the trial court erred in holding there was no cause of action for inducing a breach of contract.
The Supreme Court in Moulin v. Monteleone, 165 La. 169, 115 So. 447 (1927), squarely held that in Louisiana there is no cause of action for alienation of affections and that one party to a contract has no cause of action for damages against a person, not a party to the contract, who induces another party to breach the contract. See also Cust v. Item Co., 200 La. 515, 8 So.2d 361 (1942) and Delta Finance Company of Louisiana v. Graves, 180 So.2d 85 (La.App.2d Cir. 1965).
Plaintiff concedes that the well-established jurisprudence of this state is as stated above, but urges this court to reexamine the holding of Moulin v. Monteleone and subsequent cases. Plaintiff points out that the Supreme Court has not considered the inducement of breach of contract issue in many years and that the courts of several common law states have changed their position on this issue in recent years.
This court is not persuaded by plaintiff's argument and is constrained to follow the settled jurisprudence of this state as clearly expressed by the Supreme Court and consistently adhered to by the Courts of Appeal.
We, therefore, affirm the judgment of the trial court, at appellant's costs.
Affirmed.