**Bonnie HUNT, Plaintiff and Appellee,**

v.

**Kay HUNT, Defendant and Appellant.**

**No. 13138.**

Supreme Court of South Dakota.

Argued March 23, 1981.

Decided Aug. 26, 1981.

Rehearing Denied Sept. 22, 1981.

Steven L. Jorgensen, Sioux Falls, for plaintiff and appellee.

Gene Paul Kean of May, Johnson, Doyle & Becker, P. C., Sioux Falls, for defendant and appellant.

HENDERSON, Justice.

## ACTION

Appellant Kay Hunt appeals from a judgment entered pursuant to a jury verdict rendered in favor of appellee Bonnie Hunt, and also from the trial court's order denying various post-trial motions made by ap-

pellant. Appellee instituted an action to recover damages on two counts: alienation of affections and criminal conversation. The jury found appellant liable to appellee on both counts for an aggregate total of $50,000. Appellant urges this Court, inter alia, to abolish alienation of affections and criminal conversation as causes of action in this state.

All five justices would abolish the action for criminal conversation in South Dakota. Two of the justices would also abolish the action for alienation of affections. Three of the justices would preserve the action for aliention of affections but concur in the result of the majority opinion for the reason that the evidence was insufficient to sustain the alienation of affections' action. Accordingly, we reverse the judgment of the trial court.

## ISSUES

### I.

Did appellant raise the issue now urged on appeal at the trial court level? We hold that she did.

### II.

Should the common law torts of alienation of affections and criminal conversation be judicially abolished? Chief Justice Wollman and I hold in the affirmative on both causes of action.

## DECISION

### I.

◼ Appellee challenges appellant's right to now raise the issue of the abolition of the doctrines of alienation of affections and criminal conversation due to appellant's alleged failure to present this question to the trial court. *Estate of Assmus*, 254 N.W.2d 159 (S.D.1977). By authority of SDCL 15–6–12(b)(5),[1] however, appellant filed a pre-

1. SDCL 15–6–12(b)(5) provides:
   Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if

one is required, except that the following defenses may at the option of the pleader be made by motion:
   . . . .

trial motion to dismiss appellee's complaint for failure to state a claim upon which relief can be granted. The trial court denied this motion at the commencement of the trial. This motion was renewed subsequent to trial as incorporated in appellant's motion for a judgment notwithstanding the verdict and for a new trial.

In *American Technical Machinery Corporation v. Masterpiece Enterprises, Inc.*, 235 F.Supp. 917, 918 (M.D.Pa.1964), the court there held: "A motion to dismiss a complaint for failure to state a claim upon which relief can be granted admits the facts alleged in the complaint, but challenges the plaintiff's right to relief." A motion to dismiss under Fed.Rule 12(b)(6) (federal counterpart to SDCL 15–6–12(b)(5)) tests the law of a plaintiff's claim and not the facts which support it. *Yuba Consolidated Gold Fields v. Kilkeary*, 206 F.2d 884 (9th Cir. 1953); *Niece v. Sears, Roebuck & Co.*, 293 F.Supp. 792 (N.D.Okl.1968); *Bing v. General Motors Acceptance Corporation*, 237 F.Supp. 911 (E.D.S.C.1965). Accordingly, we hold that appellant sufficiently raised the issue at the trial court level as to whether the doctrines relied upon in appellee's complaint should be abolished.

## II.

In light of our ultimate holding, we do not deem it necessary to recite the specific facts and circumstances which prompted this action. Suffice it to say that appellee brought suit against appellant for the purpose of recovering damages for (1) alienation of affections and loss of consortium allegedly caused by appellant's interference with the marriage of appellee and her ex-husband and (2) carnal intercourse with her ex-husband.

The essential elements of a cause of action for alienation of affections are: (1) wrongful conduct of the defendant; (2) loss of affection or consortium; and (3) a causal connection between such conduct and loss. *Morey v. Keller*, 77 S.D. 49, 85 N.W.2d 57 (1957). The tort of criminal conversation allows one to maintain an action for damages if it is shown that his or her spouse committed adultery with the defendant; the only defenses to this action are consent by the plaintiff or the statute of limitations. *Giltner v. Stark*, 219 N.W.2d 700 (Iowa 1974); *see Pearsall v. Colgan*, 76 S.D. 241, 76 N.W.2d 620 (1956). "Criminal conversation . . . and alienation of affections still are often treated as separate torts, but there is no good reason for distinguishing them. They [both] represent . . . forms of interference with aspects of the same relational interest, and . . . may be present in the same case." W. Prosser, *The Law of Torts* § 124, at 876–877 (4th ed. 1980).

The right to recover under the doctrines of alienation of affections and criminal conversation is of common-law origin, and exists independent of any statute. *Holmstrom v. Wall*, 64 S.D. 467, 268 N.W. 423 (1936); *Moberg v. Scott*, 38 S.D. 422, 161 N.W. 998 (1917). This common law origin exists despite our Legislature's subsequent recognition of the doctrines through various codified references.[2]

The recent tenor of the courts and legislatures across the country is toward the

---

(5) Failure to state a claim upon which relief can be granted[.]

2. SDCL 20–9–7 provides:
The rights of personal relation forbid:
(1) The abduction of a husband from his wife or of a parent from his child;
(2) The abduction or enticement of a wife from her husband, of a child from a parent, or from a guardian entitled to its custody;
(3) The seduction of a wife, daughter, or orphan sister.
SDCL 15–17–12 provides (emphasis supplied):
In an action for assault, battery, false imprisonment, libel, slander, malicious prosecution, *criminal conversation*, or seduction, if the plaintiff recover [sic] less than fifty dollars damages, he shall recover no more costs and disbursements than damages.
SDCL 15–2–13(5) provides (emphasis supplied):
Except where, in special cases, a different limitation is prescribed by statute, the following civil actions other than for the recovery of real property can be commenced only within six years after the cause of action shall have accrued:
. . . .
(5) An action for *criminal conversation* [.]

abolishment of alienation of affections and criminal conversation as legal causes of action. To date, seventeen states and the District of Columbia have statutorily abolished alienation actions. Ariz.Rev.Stat. Ann. § 25–341 (West Supp.1980–81); Cal. Civ.Code § 43.5 (West 1954); Colo.Rev.Stat. § 13–20–202 (1973); Conn.Gen.Stat.Ann. § 52–572b (1977); D.C.Code Encycl. § 16–923 (West Supp.1978–79); Del.Code Ann. tit. 10, § 3924 (1975); Ga.Code Ann. § 105–1203 (Harrison Supp.1980); Ind.Stat.Ann. § 34–4–4–1 (Burns Supp.1980); Me.Rev. Stat.Ann. tit. 19, § 167 (West Supp.1980–81); Md.Ann.Code, Courts and Judicial Proceedings § 5–301(a) (1980); Mich.Stat.Ann. § 600.2901 (1968); Minn.Stat.Ann. § 553.01 (West Supp.1980); Mont.Code Ann. § 27–1–601 (1979); Nev.Rev.Stat. § 41.380 (1979); Or.Rev.Stat. § 30.840 (1975); Va.Code § 8.01–220 (1977); W.Va.Code § 56–3–2a (Michie Supp.1980); Wyo.Stat. § 1–23–101 (1977).

Both Iowa and Washington have judicially abolished the action for alienation of affections. *Fundermann v. Mickelson*, 304 N.W.2d 790 (Iowa 1981); *Wyman v. Wallace*, 94 Wash.2d 99, 615 P.2d 452 (1980). The courts of Louisiana have never recognized alienation actions. *Moulin v. Monteleone*, 165 La. 169, 115 So. 447 (1927), *accord, Ohlausen v. Brown*, 372 So.2d 787 (La.App. 1979).

California, Colorado, Connecticut, Delaware, Florida, Indiana, Michigan, New Jersey, New York, Oregon, Vermont, Virginia, Wisconsin and Wyoming have all abolished by statute the doctrine of criminal conversation. Cal.Civ.Code § 43.5 (West 1954); Colo.Rev.Stat.Ann. § 13–20–202 (1973); Conn.Gen.Stat. § 52–572b to 52–572f (1977); Del.Code Ann. 10 § 3924 (1975); Fla.Stat. Ann. 771.01 (1976); Ind.Stat.Ann. 34–4–4–1 (Burns Supp.1977); Mich.Comp. Laws 551.-301 (1967); N.J.Stat.Ann. § 2A:23–1 (1952); N.Y.Civ.Rights Law 80–a (McKinney 1976); Or.Rev.Stat. 30.840 and 30.850 (1977); Vt. Stat.Ann. tit. 15, § 1001 (Supp.1977); Va.

Code § 8.01–220 (1977); Wis.Stat.Ann. 248.-01 (Supp.1977–1978); Wyo.Stat.Ann. § 1–728 (1959).

The Supreme Courts of Iowa and Pennsylvania have abolished actions for criminal conversation in their respective states. *Bearbower v. Merry*, 266 N.W.2d 128 (Iowa 1978); *Fadgen v. Lenkner*, 469 Pa. 272, 365 A.2d 147 (1976).

Money damages are not recoverable for alienation actions in six states. Ala.Code tit. 6, § 5–331 (1978) (abolishes recovery for females 19 years or older) (injunction still permitted), *see Logan v. Davidson*, 282 Ala. 327, 330, 211 So.2d 461, 463 (1968); Fla.Stat. Ann. § 771.01 (West 1964); N.J.Stat.Ann. § 2A:23–1 (West 1952); N.Y.Civ. Rights Law § 80–a (Lawyers Coop. 1974); Ohio Rev.Code Ann. § 2305.29 (Supp.1979); Vt. Stat.Ann. tit. 15, § 1001 (1976).

■ In accord with these authorities, we believe that alienation of affections and criminal conversation, as viable legal remedies, are outmoded archaic holdovers from an era when wives[3] were considered the chattel of their spouse rather than distinct legal entities. Wives are not property. Neither are husbands. The love and affection of a human being who is devoted to another human being is not susceptible to theft. There are simply too many intangibles which defy the concept that love is property.

Defenses which should logically prevent criminal conversation actions have, in reality, no legal effect; to wit:

[C]onsent of the wife is no defense. The fact that the wrongdoer did not know the wife was married but believed her to be single is not a defense. The fact that the wife represented herself as single is not a defense. The fact that the wife was the aggressor is not a defense. The fact that she has been neglected or mistreated by her husband is not a defense. The fact that she and her husband were separated through his fault is not a defense.

3. Originally, legal recourse for the interference with family relations existed solely for a husband; with the passage of time, however, women were permitted to bring legal action against another for the loss of their husband's affections and consortium. *See* W. Prosser, *The Law of Torts* § 124, at 881–882 (4th ed. 1980).

*Felsenthal v. McMillan,* 493 S.W.2d 729, 731 (Tex.1973) (Steakley, J., dissenting). The potential of abuse in this type of action is clear since "the threat of exposure, publicity, and notoriety is more than sufficient to breed corruption, fraud, and misdealings on the part of unscrupulous persons in bringing unjustified and maliicous [sic] suits." Greer, Criminal Conversation: Civil Action for Adultery, 25 Baylor L.Rev. 495, 499 (1973).

Our Legislature has abolished adultery as a crime in South Dakota, 1976 S.D.Sess.L. ch. 158, § 22–8, thus decriminalizing the very behavior upon which an action in criminal conversation rests. The courts in *Fadgen v. Lenkner,* supra, and *Bearbower v. Berry,* supra, were faced with the identical situation when they abolished criminal conversation actions in Pennsylvania and Iowa, respectively.

In *Wyman v. Wallace,* supra, the Supreme Court of Washington listed the following reasons for abolishing the doctrine of alienation of affections:

(1) The underlying assumption of preserving marital harmony is erroneous; (2) The judicial process is not sufficiently capable of policing the often vicious out-of-court settlements; (3) The opportunity for blackmail is great since the mere bringing of an action could ruin a defendant's reputation; (4) There are no helpful standards for assessing damages; and (5) The successful plaintiff succeeds in compelling what appears to be a forced sale of the spouse's affections.

Id. at 455.

Indeed, as our sister state of Iowa so recently noted, there is an "inherent and fatal contradiction in the term 'alienation of affections.' The alienation belies the affection." *Fundermann v. Mickelson,* supra, at 791.

The underlying rationale for alienation suits, that is, the preservation of the marriage, is ludicrous. "And it is folly to hope any longer that a married person who has become inclined to philander can be preserved within an affectionate marriage by the threat of an alienation suit." Id. at 791.

This is not to say that the institution of marriage should be treated with cynicism and disdain. Where, as here, however, neither party holds the marriage in the high regard that it should be held, the existence of both alienation of affections and criminal conversation as remedies fosters bitterness, promotes vexatious lawsuits, uses the marriage as a means of blackmail and character assassination, puts the marriage in the marketplace, and generally exposes the marriage to a public cleansing with a price tag attached upon it.

Of course the judicial abolishment of the common-law doctrines in question circumvents, but does not ignore, the process of *stare decisis.* The Supreme Court of this state has long recognized the value of this doctrine; but at the same time we have not been blind to its theoretical inherent premise of being in harmony with extant public policy. *See Printup v. Kenner,* 43 S.D. 473, 180 N.W. 512 (1920). To maintain antiquated rules and methods merely for the sake of consistency is akin to secluding oneself from an often volatile world. Moreover, the courts in *Fundermann, Wyman,* and *Fadgen* all concluded that overriding considerations of reality must supersede the perpetuation of alienation or criminal conversation actions. We adhere to their rationale and believe that there is a logical limitation on the intrusion by the judicial branch upon the private lives and morals of citizens.

The judgment of the trial court is reversed.

WOLLMAN, C. J., concurs.

DUNN, MORGAN and FOSHEIM, JJ., concur specially in part and concur in result in part.

DUNN, Justice (concurring specially in part, and concurring in result in part).

I would agree with the majority that the tort of criminal conversation has outlived its usefulness and should be abrogated, except as it may be shown as an essential element in breaking up a once stable marriage in an alienation of affections suit.

The only defenses to an action for criminal conversation are consent of the injured party and the statute of limitations. *Bearbower v. Merry*, 266 N.W.2d 128 (Iowa 1978); *Fadgen v. Lenkner*, 496 Pa. 272, 365 A.2d 147 (1976). No tort action should be allowed which does not afford a defendant the opportunity to interject logically valid defenses. The evidence that there was "no love in the marriage" as far back as 1975; that the appellee's husband had engaged in adulterous relations with other women five years before his encounter with the appellant; that the appellee had engaged in adulterous conduct with another man for some months before the conduct complained of between her husband and appellant; and that there was simply no causal relation between the appellant's conduct and the break-up of the marriage are all immaterial in an action for criminal conversation. This leads to an unconscionable result for this appellant, as well as any other defendant, and is completely foreign to the concept of tort law as we have known it in this state. For the reasons stated above, I would abolish the common-law tort action for criminal conversation.

■ However, I would not abolish the tort action for alienation of affections. In fact, if adultery was not a proper element in a suit for alienation of affections, I would be loathe to strike the tort of criminal conversation from the laws of this state. These actions have traditionally been brought in one lawsuit and the same conduct used as evidence to prove both causes of action. Thus, we are not completely abolishing the effect of adulterous conduct upon a marriage when we abrogate the action for criminal conversation.

Both the action for alienation of affections and criminal conversation, while common law in nature, have long been recognized as valid tort actions by our legislature and by this Court. SDCL 20–9–6; 15–2–13(5) and 15–17–12. *See Morey v. Keller*, 77 S.D. 49, 85 N.W.2d 57 (1957); *Pearsall v. Colgan*, 76 S.D. 241, 76 N.W.2d 620 (1956); *Holmstrom v. Wall*, 64 S.D. 467, 268 N.W. 423 (1936); *Boyd v. Strickland*, 58 S.D. 501, 237 N.W. 729 (1931); *Moberg v. Scott*, 38 S.D. 422, 161 N.W. 998 (1917); and *Roberts v. Jacobs*, 37 S.D. 27, 156 N.W. 589 (1916). While I agree that criminal conversation should be abolished, I am convinced that the tort of alienation of affections should be preserved until repealed by legislative action. It is one thing to abolish an action in tort which is devoid of defenses and unjust. It is quite another to abolish a long-standing legislative and judicial intention to preserve the sanctity of marriage by providing a civil remedy, and where reasonable and just defenses are available to a defendant.

Finally, because we happen to be living in a period of loose morals and frequent extramarital involvements is no reason for a court to put its stamp of approval on this conduct; and I feel certain that a case will arise in the future where some party has so flagrantly broken up a stable marriage that we would rue the day that an alienation suit was not available to the injured party.

■ I would concur in the majority opinion's result in this action for alienation of affections, because the marriage was already hopelessly dissipated before the alleged conduct of this defendant; there was no causal connection between appellant's conduct and the break-up of the marriage; and there was no affection to alienate. I would hold that the trial court erred in not granting appellant's motion to dismiss the alienation of affections suit for lack of evidence to sustain the verdict.

I am authorized to state that MORGAN and FOSHEIM, Justices, join in this concurrence in part and concurring in result in part.